IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRANT DECATUR ALLEN, <br><br> Movant, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MOTION TO VACATE <br> 28 U.S.C. § 2255 <br><br> CIVIL ACTION FILE NO. <br> 1:15-CV-1755-TCB-JKL <br><br> CRIMINAL ACTION FILE NO. <br> 1:09-CR-320-5-TCB-JKL |

## O R D E R

This matter is before the Court on Magistrate Judge John K. Larkins, III's Final Report and Recommendation ("R&R") (Doc. 490) and Grant Allen's objections thereto (Doc. 492).

In reviewing a magistrate judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz* 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536,

1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee note to 1983 addition, subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Allen objects and has reviewed the remainder of the R&R for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

## I. BACKGROUND

In this action, Allen challenges his 2011 convictions in this Court for conspiracy to possess with the intent to distribute cocaine, aiding and abetting in the attempt to possess with the intent to distribute cocaine, aiding and abetting in the possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. (Doc. 338). Allen was sentenced to life imprisonment

and an additional consecutive sixty-month term. (*Id.* at 2). His convictions and sentence were affirmed on appeal.

On May 15, 2015, Allen timely filed a motion to vacate. (Doc. 439). He later filed a number of motions to amend. (Docs. 466, 472, 479, 488). Most of the motions to amend were addressed in prior orders of the magistrate judge. (Docs. 470, 485). The last motion to amend, filed August 26, 2016, was denied in the R&R on the ground that it asserted untimely claims. (Doc. 490).

In the R&R, the magistrate judge also recommends that the motion to vacate be denied. (*Id.*). Allen has objected to the R&R. (Doc. 492). For the reasons set forth below, Allen's objections are overruled.

## II.  DISCUSSION

### A.  The August 26, 2016 Motion to Amend Was Properly Denied

Allen's initial objection is that his motion to amend, filed August 26, 2016, (Doc. 488), should not have been denied as untimely because the motion was made "within one year of 'the date on which the right asserted was initially recognized by the Supreme Court.'" (Doc. 492 at 3). In this motion to amend, Allen noted that he was "moving the Court

only for permission to amend and/or supplement the record with the following facts which clarifies [sic] the impact of *Montgomery v. Louisiana* and its legal ramifications as they relate to the instant case." (Doc. 488 at 1). Allen then went on to a lengthy discussion of the Supreme Court's holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). He did not, however, explain how *Alleyne* relates to any of the timely claims asserted in his original motion to vacate.

*Alleyne* holds that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." 133 S. Ct. at 2155. Allen first raised *Alleyne* in a prior motion to amend filed February 22, 2016, for the proposition that his sentencing range should have been zero to thirty years rather than life in prison.[1] (Doc. 472-1 at 7). Specifically, he argued that the jury did not attribute a specific quantity of drugs to him

---

[1] Allen also raised *Alleyne* and these same arguments in a motion to amend filed January 29, 2016, which was denied because it did not comply with Federal Rule of Civil Procedure 15(a)(2) and because it was unsigned. (Docs. 466; 470 at 1-2).

4

relevant to the charged offenses and therefore, the mandatory minimum of life in prison should not have applied to him.[2] (*Id.*).

The magistrate judge denied Allen's motion to add this claim, noting that it was not timely and did not relate back to any of Allen's timely filed claims. (Doc. 485 at 5). The time for objecting to that Order has expired. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to [a nondispositive order] within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to.").

Allen does not now contend that *Alleyne* bears on his timely filed claims. Rather, he argues that any claim based on *Alleyne* is timely because it was filed "within one year of 'the date on which the right asserted was initially recognized by the Supreme Court." (Doc. 492 at 3.). *Alleyne* was decided on June 17, 2013. 133 S. Ct. 2151. Accordingly, neither Allen's August 26, 2016 motion to amend nor his February 22, 2016 motion to amend falls within that one-year time period.[3]

---

[2] A review of the verdict form contradicts Allen's argument. *See infra* Part II.C.2.

[3] To the extent Allen argues that a claim based on *Alleyne* is made timely because it was raised within one year of the holding in *Montgomery v. United States*, which

5

Because Allen has failed to establish that the motion to amend filed August 26, 2016, addresses any claims that relate back to his timely filed claims, the Court overrules his objection.

B.   **The Jury Instructions Were Not Erroneous**

Next, Allen asserts that the R&R fails to address the merits of his claim that the jury instructions were erroneous. Indeed, the magistrate judge did not address the merits of this claim because he found that it had been procedurally defaulted. (Doc. 490 at 30-31). Allen did not raise the claim on direct appeal and has not made the requisite showing necessary to excuse his failure to raise it. (*Id.*).

Allen now adds, however, that "[t]he claim could have been and should have been considered under ineffective assistance of counsel," (Doc. 492 at 3), presumably to overcome the procedural bar. *See United States v. Teague*, 953 F.2d 1525, 1535 n.11 (11th Cir. 1992) (noting that

---

was decided on January 25, 2016, he is mistaken. *Montgomery* holds that the Supreme Court's holding in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), announced a new rule of constitutional law that should be applied retroactively in cases on state collateral review. *Miller* held that laws mandating sentences of life without parole for juvenile offenders are unconstitutional. Allen was not a juvenile at the time of the offenses for which he was convicted.

the Eleventh Circuit "will generally entertain claims for ineffective assistance of counsel only on collateral review").

This is the first time Allen has cast this claim as one for ineffective assistance of counsel, and it is too late to raise a new claim absent a showing of extraordinary circumstances to warrant equitable tolling. *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007). Allen has made no such showing. Accordingly, this new claim is untimely pursuant to 28 U.S.C. § 2255(f).

Moreover, even if the Court were to allow Allen to amend at this late date, his ineffective assistance of counsel claim would fail on the merits. Allen does not specify what action his counsel should have taken with respect to the alleged erroneous jury instructions, and he has failed to show "a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). As a result, he has not shown that he was prejudiced by the actions of his counsel.

Allen has not raised a timely ineffective assistance of counsel claim regarding the jury instructions. Even if he had, that claim would fail on the merits because he has not satisfied the requirements of *Strickland.* The Court agrees with the magistrate judge that the claim Allen did timely raise is procedurally barred. His objection is overruled.

### C.   Counsel Was Not Ineffective at Sentencing

Lastly, Allen argues that the R&R fails to address the following claims: "1) the Sentence on count two amounts to cumulative punishment; and 2) individualized drug quantity." (Doc. 492 at 3). These claims were first raised in Allen's February 22, 2016 motion to amend. (Doc. 472-1 at 7-9). The magistrate judge denied Allen's motion to add both these claims in his Order dated August 4, 2016, because they did not relate back to the claims asserted in the original motion to vacate and were not otherwise timely. (Doc. 485 at 5). As noted above, Allen did not make a timely objection to the August 4, 2016 Order denying his motion to amend these claims, and he cannot object now.

Fed. R. Civ. P. 72(a). Moreover, as shown below, these claims are without merit.[4]

### 1. The Sentence Does Not Amount to Cumulative Punishment

Allen has argued that a sentence on count two amounts to cumulative punishment unauthorized by Congress and in violation of the double jeopardy clause. (Doc. 472-1 at 8). Count one charged Allen with participating in a conspiracy to possess with the intent to distribute cocaine, and count two charged him with aiding and abetting in the attempt to possess with the intent to distribute cocaine. (Doc. 338 at 1).

"As a matter of law, aiding and abetting the commission of a crime and conspiracy to commit that crime are separate and distinct offenses.

---

[4] The Court notes that Allen may again be attempting to recast these claims in his objections as claims for ineffective assistance of counsel by raising them under the heading "Counsel Was Ineffective at Sentencing." (Doc. 492 at 3). Allen further states that "[i]t was error in this case for counsel to not request a lesser sentence under the facts of [this] case; and not to make an objection to count two which amounts to cumulative punishment unauthorized by congress." (*Id.*). These issues were not raised as ineffective-assistance-of-counsel claims in Allen's motions to amend. Because the Court ultimately finds the underlying claims are without merit, however, any claim for ineffective assistance of counsel based on them would also be meritless because an attorney cannot be ineffective for failing to raise a meritless claim. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (attorney not ineffective for failure to raise non-meritorious issue); *Freeman v. Attorney Gen., Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008) (same).

. . . Thus, as a general rule, the double jeopardy clause does not prevent prosecution for both conspiracy and aiding and abetting." *U.S. v. Bright*, 630 F.2d 804, 813 (5th Cir. 1980) (quoting *United States v. Nelson*, 599 F.2d 714, 716 (5th Cir. 1979)); *see also United States v. Cagnina*, 697 F.2d 915, 923 (11th Cir. 1983) (same). Allen's objection is overruled.

### 2. The Jury Found the Individualized Drug Quantity

Allen contends that the jury's verdict specified the "conspiracy-wide quantity" of drugs but not "the individualized quantity . . ., i.e., the quantity that is foreseeable to Allen," which triggers the mandatory minimum sentence. (Doc. 472-1 at 7). He further states that his "sentencing range under the facts of this case should be 0 to 30 years, not life." (*Id.*).

Allen's argument is not supported by the record. As to both counts one and two of the indictment, the jury specifically found him responsible for cocaine "[w]eighing 5 kilograms or more." (Doc. 304 at 2, 4). The Court finds that the verdict form clearly indicates the amount of drugs individually attributable to Allen. His objections are, accordingly, overruled.

## III. CONCLUSION

Finding no clear error in the remainder of the R&R, the Court overrules Petitioner's objections, (Doc. 492), adopts the R&R (Doc. 490) as the Order and Opinion of this Court, and denies Petitioner's 28 U.S.C. § 2255 motion to vacate (Doc. 439).

**IT IS SO ORDERED**, this 23rd day of August, 2017.

_____
Timothy C. Batten, Sr.
United States District Judge